Curia, per

Frost, J.
That the omission to give the bond to the defendant required by the attachment Act, is an irregularity to which only the absent debtor can take exception, is too well established to require that any authority should be cited. But it is attempted to except this from the decided cases, by the circumstances that the actor is a creditor by judgment and execution, and the contested fund within the control of the court, and subject to its order. And that therefore the existence or regularity of a process by attachment, claiming payment, may be disputed by an execution creditor contesting the claim. A note of the case of Relph & Co. vs. Nolon, in 1 Rice Dig. 77, is relied on as authority. According to that note it was decided that a plaintiff by attachment might shew that the writ of another attaching creditor was issued for a debt not due, or without any cause of action. In such case the process would be clearly void; but is more properly classified with fraud than irregularity. Kincaid vs. Neall, 3 McC. 201, was a contest between an execution creditor and a plaintiff in attachment, each claming, as in this case, the proceeds of a judicial sale of the defendant’s property. The exception to the claim of the attaching creditor was *414 that no bond bad been taken by the magistrate, and that by the terms of the domestic attachment Act, the writ was void and should be set aside. But it was held that the bond was intended for the benefit of the defendant, and whether it had been given concerned hitn alone; and that the omission was an irregularity in suing out the process to which he alone could take exception. In Camberford vs. Hall, 3 McC. 345, the distinction between process void and voidable for irregularity, was insisted on, and the omission to give the bond was determined to be only an irregularity, which might be waived by the defendant, and would be concluded by the judgment, and of which therefore a stranger could not take advantage.
These were cases in domestic attachment. The terms of the Act of 1744, (2 Stat. 616,) and of 1839 (11 Stat. 76,) requiring bond in a foreign attachment, are almost identical with those of the Act of 1785 (7 Stat. 213,) respecting bonds in domestic attachments, except that the last Act adds that every attachment issued without such bond taken, or when no bond shall be returned to the court, is declared illegal and void and to be dismissed with costs. The same construction has been applied to the two Acts in determining the effect of an omission to give the bond required.
The second ground of appeal affirms that by confession of judgment on a writ of attachment by the defendant in person, the proceeding is converted from a proceeding in rem to one in personam, and that the judgment must take effect as if it had been confessed on a capias.
The question made by the case does not relate to the effect of the confession of judgment, except as it may discharge the attachment writ; for it is the writ, and not the judgment, which creates the lien. The only mode of dissolving the attachment by the defendant is by his giving bail to the action. In Acock vs. Linn & Lansdown, Harp. 369, it is said, “the process cannot be at the same time against the goods and the person of the defendant. The defendant is not in court so long as the attachment remains on the goods. It is only by dissolving the attachment, and substituting his person in the place of the goods, that he *415 becomes a patty, and that can only be done by entering special bail to the action.” To the same effect is Fife & Co. vs. Clarke, 3 McC. 347. In this case Judge Nott says a writ in attachment cannot be held to be a process in personam, “but upon the principle that the absentee, by making himself a party to the suit, dissolved the attachment. It could not be by entering a common appearance, for that would not dissolve the attachment, and it would still be a process against the goods.”
It is the service of the writ of attachment on the goods of the absent debtor which gives character and effect to the suit as in rem; it cannot be in rem and in personam at the same time; it is not a proceeding in personam, so long as the attachment remains on the goods; the goods can only be discharged by entering special bail to the action, and a common appearance has not that effect. The object of appearance is to plead and defend the suit. By such pleading and defence the lien of the attachment is not vacated. If coming in and defending the action to judgment does not vacate the lien of the attachment writ, it is difficult to conceive how the act of confessing judg-' ment can have that effect.
The objection proceeds on a misconception of the nature of a proceeding in rem, as if it were inconsistent with a defence to the action. Such proceeding takes its description and character from the circumstance that it is a suit to enforce satisfaction of the plaintiff’s demand from property subject to a specific lien, or to enforce the penalty for a violation of municipal or national law, by a condemnation of his property, where the defendant or offender is not within the jurisdiction of the court taking cognizance of the cause. In such case the process of the court can only attach the property within its jurisdiction, and subject it to the payment of the demands of the suitors or the penalties of the law. The judgment does not create any obligation on the defendant, but is limited to the appropriation of the property to satisfy the demands adjudicated; and the proceeding is therefore designated as in rem. To such suits full defence is not prohibited. In libels in the admiralty for salvage, repairs of ship in a foreign country, (fee. the *416 defendant may appear and defend the action, and in many cases the claimant is permitted to institute the proceeding for the restitution and become plaintiff in the litigation. In such suits the property seized may be bailed by the claimant, on his giving security for the appraised value, to abide the judgment of the court, and the persons of the sureties are substituted for the property. By a foreign attachment common law process is employed in like manner to enforce against the property of an absent debtor, satisfaction of his debts. The property is released by the substitution of his person to the jurisdiction of the court by entering special bail. Until that is done the proceeding continues to be in rem, which, as a common appearance and defence does not vacate, neither does a confession of judgment have that effect.
The many other questions of law presented by the motion in this case involve so many parties and are embarrassed by such great complexity, that the court cannot undertake to decide them in a summary way. They must be made in the several cases as they arise.
The motion is refused.
The whole court concurred,.